Jeannette A. McGEE, also known as Jeannette A. Neagle or Jeannette Ann Neagle, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 5156.

United States District Court
D. Wyoming.

Aug. 19, 1968.

Frederick G. Loomis, of Loomis, Lazear, Wilson & Pickett, Cheyenne, Wyo., for plaintiff.

Robert N. Chaffin, U. S. Atty., for the District of Wyoming, Cheyenne, Wyo., Mitchell Rogovin, Asst. Atty. Gen., Washington, D. C., Jerome Fink and Joseph H. Thibodeau, Attys., Dept. of Justice, Washington, D. C., for defendant.

## JUDGE'S MEMORANDUM

KERR, District Judge.

This is a civil action brought pursuant to 28 U.S.C. § 1346, to recover the sum of $394.90 for income taxes and interest paid by the plaintiff for the calendar years 1963, 1964 and 1965. The issue which this Court must determine is whether the amounts of $150.00, $900.00 and $900.00 received by the plaintiff from her former husband in 1963, 1964 and 1965, respectively, pursuant to a decree of divorce are includible in her income for the calendar years 1963, 1964 and 1965.

Plaintiff is a citizen and resident of the State of Wyoming. She filed her 1963, 1964 and 1965 income tax returns with the District Director of Internal Revenue at Cheyenne, Wyoming. On October 29, 1963, plaintiff was awarded an absolute divorce from John Richard Neagle. Pursuant to the terms of the divorce decree, John Richard Neagle paid plaintiff the sums of $150.00, $900.00 and $900.00 during the taxable years 1963, 1964 and 1965, respectively. In computing her income tax for the years 1963, 1964 and 1965, plaintiff did not include those payments in her gross income.

Upon examination of plaintiff's income tax returns for the years here in issue, it was determined that plaintiff owed additional taxes for the years 1963, 1964 and 1965 for the reason that said sums of $150.00, $900.00 and $900.00 should have been included in plaintiff's gross income for those taxable years. The additional taxes assessed for the years 1963, 1964 and 1965 were in the respective amounts of $30.00, $180.01, and $171.00.

Plaintiff paid the assessments and duly filed claims for refund of such payments. Her claims were formally disallowed by defendant pursuant to Statutory Notice of Claim Disallowance. Plaintiff claims that the monthly payments made to her by her former husband pursuant to the Divorce Decree are not in discharge of a legal obligation which, because of the marital or family relationship, was imposed on John Richard Neagle under the divorce decree within the meaning of Section 71(a) of the Internal Revenue Code of 1954.

A stipulation of the facts was agreed upon by the parties and filed herein, together with the complete record of the divorce proceedings between plaintiff and John R. Neagle. The crux of the dispute is the character of the payments made to plaintiff by her former husband. The divorce proceedings and the eco-

nomic status of the husband and wife therein are the elements upon which the determination of this Court must rely. In his complaint the husband alleged that the wife was capable of supporting herself. He set forth the property comprising the marital estate, and prayed for an equitable distribution of said property. The wife counterclaimed seeking the divorce in her favor, and praying for alimony and an equitable division of the property. About nine months prior to the filing of the wife's counterclaim the state district court made and entered its order pendente lite allowing the wife temporary support and her attorney's fee. In doing so, that court found that the wife required the continued support of the husband and that she was not in a position to pay her attorney's fee. Ultimately, the state district court gave the wife an absolute divorce from John Richard Neagle and concluded as follows:

> "IT IS FURTHER ORDERED that a property settlement be made in lieu of alimony and in accordance therewith that the defendant [the wife] be awarded the house * * * and that the furniture located in said house is hereby awarded to and set over to the defendant; that the plaintiff [husband] pay to the defendant the sum of seventy-five dollars ($75.00) per month for a period of ten years and that said payments be made to the Clerk of the District Court commencing on the 3rd day of November, 1963."

It was further ordered that the husband pay the wife's attorney's fee.

It is important to note that the property settlement as ordered by the divorce court in effect gave the wife all the property of the marital estate and in addition it gave her the $75.00 monthly payments for a period of ten years. The Court's decree did not dispose of the parties' two automobiles. In his complaint, however, the husband alleged that the 1953 Ford automobile should be set over to the wife as her sole and separate property, and that the 1962 Oldsmobile automobile mortgaged in the amount of

$3,192.28 should be set over to the husband as his sole and separate property, subject to said mortgage. It is apparent that the divorce court did not undertake to divide the property equally. There was no finding by the divorce court, and there is nothing in the record before me to show that the wife, the plaintiff herein, had made a substantial contribution to the accumulation of the assets of the marital estate. There is no evidence to indicate that the $75.00 monthly payment for a period of ten years was the money value of the wife's share of the marital property; said payments are not to be made out of the marital estate as it was specifically disposed of by the divorce decree. Such payments patently must come from the husband's estate, and they are to be made to the clerk of the court, not directly to the wife.

In addition to the absence of evidence of any adjustment of property rights of the plaintiff, the language of the divorce decree leads me to the conclusion that the $75.00 monthly payments for a ten year period were intended to discharge a legal obligation of the plaintiff's husband arising out of the marital relationship. The words "in lieu of" mean "instead of", "in place of", and "in substitution for". See for example, Equitable Life Assurance Society of the United States v. United States, 366 F.2d 967, 177 Ct.Cl. 55 (1966); Board of Com'rs of Sweetwater County, Wyo., et al. v. Bernardin, et al., 10 Cir., 74 F.2d 809 (1934). They do not change the character of the obligation; they imply the existence of the original obligation of the husband to pay alimony. As a substitute for alimony, and not as a payment for property rights, the state district court entered its order for the distribution of the property to the wife and for the payment by the husband to the plaintiff of $75.00 a month for ten years.

The parties next contend that 26 U.S.C. § 71(c) is applicable to the facts in this case. Such contention is untenable for the reason that the divorce decree does not set out the principal sum of the husband's obligation to contribute

to the support of the plaintiff. Consequently no discussion of this issue is required for the disposition of this controversy.

It is my opinion that the $75.00 monthly payments during a ten year period which John Richard Neagle is required to make to the plaintiff are in the nature of alimony or support money and that they are not made to satisfy a property right of the plaintiff. See McCombs v. Commissioner of Internal Revenue, 10 Cir., 397 F.2d 4, decided July 3, 1968. Such payments are to be included in plaintiff's gross income within the provisions of Section 71(a) of the Internal Revenue Code of 1954, as they are payments received by plaintiff from her former husband in discharge of a legal obligation which, because of the marital relationship, were imposed on John Richard Neagle under the divorce decree.

The foregoing memorandum constitutes sufficient findings of fact and conclusions of law and separate findings of fact and conclusions of law are not necessary under the circumstances. Judgment will be entered in favor of the defendant and against the plaintiff and plaintiff's complaint will be dismissed accordingly.